O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY L. GERRA, | Case No. ED CV 04-790 AN |
|     Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
|     Defendant. | |

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

In the JS, Plaintiff challenges the ALJ's decision on the following grounds: (1) the

ALJ did not properly assess the opinion of treating physician David Doty, M.D. and (2) the ALJ erred by failing to include a pain restriction in the hypothetical questions presented to the vocational expert ("VE"). The Commissioner disagrees.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons.

Dr. Doty first evaluated Plaintiff in September 2002, in connection with a workers' compensation claim. [Administrative Record ("AR") 11, 199-209.] Dr. Doty diagnosed Plaintiff with right carpal tunnel syndrome, right lateral epicondylitis, and cervical pain. [AR 11, 206.] Dr. Doty recommended that Plaintiff undergo right carpal tunnel release and placed her on temporary total disability until November 5, 2002. [AR 198, 206, 208.] In October 2002, Dr. Doty extended Plaintiff's temporary total disability through December 20, 2002. [AR 197.] Plaintiff underwent right carpal tunnel release surgery in January 2003. [AR 11, 100, 249.] Following surgery, Plaintiff participated in physical therapy, which yielded positive results. [AR 11, 249-65.] Although the ALJ discussed some of Dr. Doty's findings in the decision, he did not explain the weight given to Dr. Doty's opinion of temporary disability. [AR 11.] Nevertheless, Dr. Doty's opinion, which was couched in California workers' compensation terminology, was not conclusive as to Plaintiff's disability. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996)(finding that workers' compensation disability ratings are not controlling in disability cases decided under the Act, and terms of art used in workers' compensation guidelines are not equivalent to Social Security disability terminology); *see also Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(a treating physician's opinion on the ultimate issue of disability is not necessarily conclusive). Further, Dr. Doty's periodic findings of temporary disability did not add up to twelve months of continuous disability, as required under the Act. [AR 197-98, 208, 214]; 20 C.F.R. § 404.1505 (a person is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted or is

expected to last for a continuous period of at least twelve months). Finally, the ALJ properly relied on the opinion of the consultative examiner, Warren Yu, M.D., who concluded that Plaintiff was capable of the full range of light work. [AR 12, 234-37.] Because Dr. Yu's opinion was based on independent, clinical findings, the ALJ's decision to reject Dr. Doty's opinion was supported by substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1989).

Plaintiff's argument that the VE's testimony did not adequately account for Plaintiff's pain is also without merit. In determining that Plaintiff was capable of performing other work, the ALJ cited the VE's testimony that a person of Plaintiff's age, education, and work experience, limited to light work involving occasional pushing, pulling, lifting above shoulder level, and fine finger and motor movements, would be capable of working as an information clerk, usher, or ride operator. [AR 13, 47-48.] Because this hypothetical took into consideration all of the limitations that the ALJ found to exist, the ALJ's reliance on the VE's testimony was proper. *See, e.g., Magallanes*, 881 F.2d at 756-57; *Martinez v. Heckler*, 807 F.2d 771, 773-74 (9th Cir. 1986).

Plaintiff asserts that the ALJ should have found that she was disabled based on the VE's response to another hypothetical question posited by the ALJ. [AR 48.] When asked to assume a person who would be "off task at least 20 percent of the time or more due to neck, elbow, and/or wrist pain," and limited to sedentary work involving occasional pushing, pulling, lifting above shoulder level, and fine finger and motor movements, the VE responded that the person would not be able to perform any work. [AR 48.] The ALJ, however, did not find that Plaintiff would be "off task at least 20 percent of the time." [AR 13.] Rather, the ALJ concluded that Plaintiff was capable of performing light exertion work with occasional pushing, pulling, fine finger motor movements and handling with the upper extremities. [AR 13-14.] Dr. Yu's opinion provided support for the ALJ's residual functional capacity assessment. [AR 12-13, 234-37.] While Plaintiff claimed greater restrictions due to pain and other impairments, the

1 ALJ provided specific, clear and convincing reasons for discounting her testimony. [AR
2 12-13]; *see Copeland v. Bowen*, 861 F.2d 536, 540 (9th Cir. 1988)(holding that an ALJ
3 may exclude a claimant's subjective complaint in a hypothetical question posed to a
4 vocational expert if he makes specific findings justifying the decision not to believe the
5 claimant's testimony about claimed impairments such as pain).  Thus, substantial
6 evidence supported the ALJ's conclusion at step five of the sequential process.

7     Based upon the foregoing, the Court finds the ALJ's determination of non-
8 disability is free of legal error and supported by substantial evidence in the record.
9 Therefore, Plaintiff's request for an order directing the payment of benefits or remanding
10 this case for further proceedings is DENIED, and the Commissioner's request for an
11 order affirming the Commissioner's final decision and dismissing the action is
12 GRANTED.  The clerk shall enter judgment, close the file and terminate all pending
13 motions.

15 DATED:    October 20, 2005        /s/ Arthur Nakazato
                                                                    ARTHUR NAKAZATO
16                                          UNITED STATES MAGISTRATE JUDGE